the merits would "be just under the circumstances." The fact that this case has proven to involve two procedural difficulties, instead of simply one as in other instances, should not so confuse the matter as conceivably to defeat the realization of appellate review on the merits. This case, which has been in this Court twice and which will now be in the Court of Appeals for a second time, should be decided in that court on the merits. The right to appellate review should no longer be delayed or denied as a result of uncertainties in federal procedures.

No. 491. GULLEY v. UNITED STATES, *ante,* p. 942; and No. 495. WALTHAM WATCH CO. ET AL. v. FEDERAL TRADE COMMISSION, *ante,* p. 944. Petitions for rehearing denied.

No. 478. KAYE v. SPENCE CHAPIN ADOPTION HOME, *ante,* p. 214. Petition for rehearing denied. MR. JUSTICE STEWART took no part in the consideration or decision of this petition.

No. 502. CLARK v. CALIFORNIA, *ante,* p. 943. The motion to dispense with printing the petition for rehearing is granted. Petition for rehearing denied.

JANUARY 21, 1964.

No. 690. P. A. C. REALTY CO. ET AL. v. FELDMAN, TRUSTEE IN BANKRUPTCY. On petition for writ of certiorari to the United States Court of Appeals for the Third Circuit. Petition dismissed pursuant to Rule 60 of the Rules of this Court. *Samuel Kaufman, John M. Kaufman* and *Andrew L. Kaufman* for petitioners.